



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 20, 1939

Hon. O. E. Gerron
County Attorney
Ector County
Odessa, Texas

Dear Sir:

> Opinion No. 0-828
> Re: Is the county judge entitled to a
> three dollar fee for holding the
> hearing on applications for beer
> and wine retailers' permit, and is
> the county clerk entitled to a fee
> for filing such application and his
> clerical work in the matter of said
> application?

Your request for an opinion on the above stated question has been received by this office.

Your letter reads in part as follows:

> "The Texas Liquor Control Act, House
> Bill No. 77, acts of the second called session
> of the forty-fourth legislature, amending
> House Bill No. 8, provides that the county
> judge shall hold hearings upon applications
> for beer and wine retailers' permit. The act
> further provides that the applicant shall de-
> posit a five dollar filing fee with the county
> clerk upon the filing of the application.
> Question: Is the County Judge entitled to a
> three dollar fee for holding the hearing upon
> such application, and is the County Clerk en-
> titled to a fee for filing such application and
> his clerical work in the matter of said appli-
> cation?"

The next to the last paragraph of Section 6, Article 2, of the Texas Liquor Control Act reads as follows:

> "Every person making application for an

original license of any class herein pro-
vided, except Branch Licenses and Temporary
Licenses, shall be subject at the time of
the hearing thereon to a fee of Five Dollars
($5), which fee shall, by the County Clerk
be deposited in the County Treasury and the
applicant shall be liable for no other fees
except said application fee and the annual
license fee required of him by this Act."

The courts of this state have held that public
officials may charge only such fees as are specifically
authorized by statute, and that the fact that the Legis-
lature has not authorized the fee for his service that
it has made a duty of the public official does not author-
ize said official to charge a fee. The constitution
fixes the compensation of certain officers, and authorizes
the Legislature to provide by law for the compensation of
all other officers, servants, agents and public contrac-
tors. Pursuant to the authority thus conferred, numerous
statutes have been passed fixing the compensation of var-
ious classes of officers. The power of the Legislature
to fix the compensation of officers is limited by the
provisions of the constitution prohibiting the passage
of local or special laws forbidding the granting of extra
compensation for services already rendered, and fixing
the maximum compensation of certain officers. This power
may be delegated by the Legislature to the governing bodies
of counties, municipal corporations or districts, and this
has been done in various instances.

As hereinbefore stated, the compensation of pub-
lic officers is fixed by the constitution and statutes,
An officer may not claim or receive any money without a law
authorizing him to do so, and clearly fixing the amount to
which he is entitled.

An officer is not entitled to any compensation in
addition to that which has been fixed by law for the perfor-
mance of his duties of his office, even though the compensa-
tion so fixed is unreasonable or inadequate. He may be
required by law to perform specific services and discharge
additional duties for which no compensation is provided.



Hon. O. E. Gerron, May 20, 1939, Page 3

The obligation to perform such services is imposed as incident to the office, and the officer by his acceptance thereof is deemed to have engaged to perform them without compensation. Tex. Jur., Vol. 34, p. 507, 511, 515 and 505; Crosby County Cattle Company v. McDermett, 281 SW 293; McCalla v. City of Rockdale, 246 SW 654; Terrell v. King, 14 SW 2nd 786.

The Legislature has specifically provided that Five Dollars should be the only fee the applicant should have to pay in connection with his application, except the annual license fee required by the Liquor Control Act, and that the sum of Five Dollars should be by the county clerk deposited in the county treasury, and neither the county judge nor the county clerk would be authorized to charge an additional fee in connection with said application.

On November 8, 1937 and April 22, 1938, this department in passing upon the same question as submitted in your inquiry held that neither the county judge nor the county clerk was authorized to charge an additional fee in connection with the application and that the only fee that could be assessed was the Five Dollar fee provided for by Section 6, Article 2 of the Texas Liquor Control Act and that this fee must be deposited by the county clerk with the county treasurer.

You are respectfully advised that it is the opinion of this department that the county judge is not entitled to a fee for holding the hearing on applications for beer and wine retailers' permits and that the county clerk is not entitled to a fee for filing such application and his clerical work in connection with such application.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

AW:AW
APPROVED:

APPROVED
OPINION
COMMITTEE